UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAOLA CANAS, et al.,

       Plaintiffs,                              Hon. Paul L. Maloney

v.                                                      Case No. 1:18-cv-1315

HARLEY'S CABARET, INC.,

       Defendant and
       Third-Party Plaintiff,

v.

KRYSTAL MORRIS AND
CROWDSURFER MEDIA, LLC,

       Third-Party Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter was initiated by five women alleging that Harley's Cabaret, Inc., used their images and likenesses in various promotions without their consent. (ECF No. 1). Harley's later asserted third-party claims against Krystal Morris and Crowdsurfer Media, LLC, regarding which Morris and Crowdsurfer now seek dismissal. (ECF No. 10, 18). This matter has been referred to the undersigned by the Honorable Paul L. Maloney. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion to dismiss by Morris and Crowdsurfer be granted in part and denied in part.

-1-

## BACKGROUND

Each Plaintiff alleges that she is employed as a professional model and actress "who earns a living by commercializing her identity, image, and likeness for many business endeavors. . . ." According to Plaintiffs, Defendant Harley's Cabaret used their images and likenesses, without consent or compensation, in various online advertising materials intended to promote Defendant's business. Plaintiffs have asserted three causes of action: (1) state law claims for misappropriation of likeness; (2) federal law claims for unfair competition and/or false endorsement violation of the Lanham Act; and (3) violations of the Michigan Consumer Protection Act.

Defendant Harley's Cabaret subsequently asserted a Third-Party Complaint against Krystal Morris and Crowdsurfer Media, LLC. (ECF No. 10). Harley's alleges that it "contracted with Krystal Morris and/or her company Crowdsurfer" to "manage and promote Harley's social media accounts. . . ." Harley's further alleges that Morris and/or Crowdsurfer "had complete control over all Harley's online advertising, including its social media accounts." Harley's asserts three state law causes of action against Morris and Crowdsurfer: (1) contractual indemnity and/or common law indemnity; (2) negligence; and (3) breach of contract. Morris and Crowdsurfer now move to dismiss Harley's Third-Party Complaint on the ground that it fails to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common

> sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also, Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

### I.    Indemnification

In Count I of its third-party complaint, Harley's alleges that, as part of their agreement, Morris and Crowdsurfer "implicitly agreed to indemnify Harley's from any and all harm resulting from the work performed by" Morris and/or Crowdsurfer. With

respect to this claim, Morris and Crowdsurfer assert two arguments, only one of which the Court finds persuasive.

    A.    Lanham Act Claims

Morris and Crowdsurfer first argue that, as a matter of law, Harley's cannot obtain indemnification with respect to Plaintiff's Lanham Act claims. It is important to note that Harley's does not allege that Morris or Crowdsurfer *explicitly* agreed to indemnify Harley's for any Lanham Act violations. Rather, Harley's alleges that its right to indemnification for any Lanham Act violations proven by Plaintiffs is *implicit* in the agreement between Harley's and Morris and/or Crowdsurfer. As the parties both seem to agree, there does not exist any controlling authority from the Sixth Circuit or the Supreme Court on this question. With respect to the authority that does exist, however, it overwhelmingly supports the position advanced by Morris and Crowdsurfer.

A defendant found liable under a federal statute enjoys a right to indemnification only if such arises: (1) through an affirmative act of Congress, or (2) exists under the federal common law. *See, e.g., Zino Davidoff SA v. Selective Distribution International Inc.*, 2013 WL 1245974 at *4 (S.D.N.Y., Mar. 8, 2013); *Zero Tolerance Entertainment, Inc. v. Ferguson*, 254 F.R.D. 123, 126 (C.D. Cal. 2008). As courts have observed with respect to Lanham Act claims, there does not exist any right to indemnification through federal common law or the Lanham Act itself. *See, e.g., JFJ Toys, Inc. v. Toys "R" Us – Delaware, Inc.*, 2014 WL 1255859 at *6 (D. Md., Mar. 25, 2014); *Elsevier, Inc. v.*

*Comprehensive Microfilm & Scanning Services, Inc.*, 2012 WL 727943 at *4 (M.D. Pa., Mar. 6, 2012); *Zero Tolerance Entertainment*, 254 F.R.D. at 127.

In response, Harley's argues that the authority cited by Morris and Crowdsurfer, and by implication the authority identified immediately above, is undermined by a 1993 decision by the United States Supreme Court concerning a different question. While Harley's has identified a law review article and a law firm blog post that support its argument, Harley's has failed to identify any *court decision* that found that a litigant is implicitly entitled to indemnification for Lanham Act claims.

Regardless whether Harley's argument is persuasive, the Court cannot simply ignore that Harley's has failed to identify judicial authority supporting such. Moreover, when weighed against the numerous court decisions reaching a different conclusion, Harley's argument simply fails to carry the day. Accordingly, the undersigned finds that Harley's is not entitled to seek indemnification from Morris or Crowdsurfer with respect to any Lanham Act violations proven by Plaintiffs.

B. State Law Claims

With respect to Plaintiffs' state law claims, Morris and Crowdsurfer argue that Harley's is not entitled to indemnification. As Morris and Crowdsurfer observe, under Michigan law claims of implied indemnity can be maintained only where the party seeking indemnification is "free of negligence or fault." *See Williams v. Unit Handling Systems Division of Litton Systems, Inc.*, 449 N.W.2d 669, 671 (Mich. 1989). Citing to this authority, Morris and Crowdsurfer argue that, because Plaintiffs have alleged that

Harley's intentionally and knowingly violated their rights, Harley's is prohibited from seeking indemnification.

The logic of this argument appears to be as follows. If Plaintiffs prevail on their state law claims, such will establish that Harley's acted intentionally or with some degree of negligence or fault. As a result, Harley's will be precluded from seeking indemnification. While this argument may be appealing at first glance, it suffers from a fatal shortcoming. Specifically, Morris and Crowdsurfer have failed to establish that finding that Harley's acted intentionally or with some degree of negligence or fault is a necessary element of either of Plaintiffs' state law claims. Stated differently, Morris and Crowdsurfer have failed to establish that it is not possible for Harley's to be found liable on one or more of Plaintiffs' state law claims without also being found to have acted intentionally or with some degree of negligence or fault.[1]

Accordingly, the undersigned recommends that to the extent Morris and Crowdsurfer move to prohibit Harley's from seeking indemnification from Morris and Crowdsurfer with respect to Plaintiffs' state law claims, that such be denied.

---

[1] In this respect, the Court notes that Michigan law does not appear to require a showing of intent, negligence, or fault to prevail on a claim of misappropriation of likeness of violation of right of publicity. *See, e.g., Armstrong v. Eagle Rock Entertainment, Inc.*, 655 F.Supp.2d 779, 784-85 (E.D. Mich. 2009) (under Michigan law a plaintiff alleging such claims need only establish: (1) a commercial value in her identity, and (2) the defendant commercially exploited such).

-7-

## II. Negligence

In Count II of its Third-Party Complaint, Harley's asserts that Morris and Crowdsurfer are liable under a negligence theory. Under Michigan law, a party acting pursuant to a contract can be held liable for negligence only if it "owed a duty to the plaintiff that is separate and distinct from the [party's] contractual obligations." *Ram International, Inc. v. ADT Security Services, Inc.*, 555 Fed. Appx. 493, 497 (6th Cir., Feb. 4, 2014) (interpreting Michigan law). Morris and Crowdsurfer argue that Harley's cannot maintain its negligence claim because such is premised on an alleged breach of contract. The Court agrees.

In its Third-Party Complaint, Harley's asserts that, "[a]s a result of the parties' agreement," Morris and Crowdsurfer "owed Harley's a duty to use lawful materials on its social media accounts that did not infringe on any intellectual property right of any third parties." Because Harley's has failed to allege that Morris or Crowdsurfer owed, let alone breached, a duty to Harley's that was separate and distinct from the parties' contract, Harley's negligence claim fails. Accordingly, the undersigned recommends that Harley's negligence claim be dismissed.

## III. Breach of Contract

In Count III of its Third-Party Complaint, Harley's alleges that Morris and Crowdsurfer breached its contractual obligations. Morris argues that Harley's breach of contract claim must be dismissed as to her because she cannot be held personally liable for an alleged breach of contract by Crowdsurfer, a limited liability company.

While this may be an accurate statement of Michigan law, Harley's alleges that it "contracted with Krystal Morris *and/or* her company Crowdsurfer . . . to manage and promote Harley's social media accounts . . . ." In effect, Harley's has asserted two alternative breach of contract claims, one against Morris in her personal capacity and one against Crowdsurfer, a limited liability company. In its response to the present motion, Harley's asserts that "whether it was Crowdsurfer or Morris who contracted with Harley's is rather ambiguous in this case. . . ." Given that the parties do not appear to have ever executed a written agreement, Harley's alleged confusion in this regard is perhaps not unreasonable.[2]

Because there appears, at least at this juncture, an open question concerning which party entered into an agreement with Harley's, dismissal of Harley's breach of contract claim against Morris in her personal capacity is not appropriate. Accordingly, the undersigned recommends that this portion of the present motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that the Motion to Dismiss by Krystal Morris and Crowdsurfer Media, LLC, (ECF No. 18), be granted in part and denied in part. Specifically, the undersigned recommends that: (1) Harley's claim for indemnification from Morris or Crowdsurfer for any Lanham Act violations be

---

[2] Harley's also opposes Morris' motion on the ground that Morris can be held personally liable if Harley's is able to "pierce the corporate veil." The Court rejects this argument, however, because Harley's has alleged no facts in its Third-Party Complaint in support of disregarding Crowdsurfer's corporate form.

dismissed; (2) Harley's negligence claim be dismissed; and (3) Harley's remaining claims proceed forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 23, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge